Edward Thompson, J.
The defendants, Michael Zaffarano and Vincent Potenza, through their respective counsels, move for an order dismissing this indictment for lack of prosecution.
These defendants, together with two other defendants, were indicted for the crimes of robbery in the first degree; grand larceny, first degree; grand larceny, second degree, three counts; assault second degree; kidnapping and burglary, third degree by an indictment filed April 29, 1959. At that time these defendants were in the custody of the San Francisco Police Department upon charges pending against them by the State of California. During the month of April, 1959 these defendants were indicted by a Federal Grand Jury in the Northern District of the State of California charged in a three count indictment with interstate transportation of stolen property, concealment of that stolen property and with conspiracy.
On May 1, 1959 the New York City Police Department sent a telegraphic warrant to the San Francisco Police Department requesting that these defendants be held in $50,000 bail. Thereafter on May 14, 1959 the District Attorney of Queens County communicated with the San Francisco Police Department and *120 agreed to reduction of the hail on these defendants to $10,000 each if the defendants executed waivers of extradition as promised by their attorneys. On May 20,1959 both these defendants executed extradition waivers whereby they waived the service of the warrant of the Governor of the State of California and further agreed to accompany a duly authorized agent of the State of New York to the City of New York. This waiver only applied to the jurisdiction of the State of California and' was not a waiver as to the jurisdiction of the United States Government under the Federal indictment.
On June 19, 1959 these defendants pleaded guilty before the Federal court and were sentenced on July 28, 1959 to serve extensive terms in the Federal Penitentiary at McNeil Island in the State of Washington.
On October 30, 1959 a superseding indictment (1292-59) was filed in this court against these two defendants together with two others for the same crimes as set forth in indictment 494U59. On December 11, 1959, indictment 494-59 was dismissed on motion of the District Attorney of Queens County because of said superseding indictment.
On February 18,1960 the District Attorney of Queeils County wrote to the Director of the Bureau of Prisons, Department of Justice, Washington, D. C. upon information that Zaffaraño was then confined in the United States Penitentiary at Atlanta, Ga. and Potenza was confined in the United States Penitentiary at Lewisburg, Pa., and requested said director to transfer said defendants to the jurisdiction of this State in the Federal House of Detention, New York City, so that the District Attorney could obtain a writ directing their appearance for trial on the instant indictment in the County Court of Queens County. On April 14, 1960 the District Attorney of Queens County was advised by the Warden of the Federal Detention headquarters in New York City that these defendants had been tentatively transferred to that institution for such purpose. On April 28, 1960 a writ was issued by this court requesting the production of these defendants before this court for arraignment on May 4, 1960. These defendants were so produced on May 4, 1960. However, at the request of the defendants this arraignment was adjourned to May 11, 1960 for the purpose of securing counsel. On May 11, 1960 defendants appeared with retained counsel who requested a further adjournment to May 18, 1960. Finally on June 1, 1960 these defendants were arraigned before this court, being represented by counsel who stated that said arraignment was consented to without prejudice to any rights of the defendants by reason of their arraignment.
*121 The indictment before this court was filed October 30, 1959 and by reason of the fact that these defendants were in Federal custody originally in the State of Washington and subsequently in the States of Georgia and Pennsylvania this court does not believe that there has been such unreasonable delay by the District Attorney’s office in his efforts to have these defendants produced before this court for trial or disposition of this indictment as to warrant a distoiissal for lack of prosecution. Accordingly, the motions are denied.